UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE CARLTON
GAMELL, JR,
    Plaintiff,

v.	Case No.: 3:23cv24097/MCR/ZCB

M. MAYS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* complaint seeking judicial review of the Social Security Administration's denial of his claim for disability benefits. (Doc. 1). Because it does not appear that the Social Security Administration has made a final decision regarding Plaintiff's claim for benefits, the Court lacks jurisdiction over this matter. Accordingly, dismissal is warranted.

### I. Background

Plaintiff has filed a complaint naming as Defendants, M. Mays, who appears to be a staff member at the local Social Security office, and the Acting Commissioner of Social Security, Kilolo Kajakazi. (Doc. 1 at 3). Based on the attachments included with Plaintiff's complaint, it appears Plaintiff applied for Social Security disability insurance benefits and was denied. He now seeks judicial review of that decision.

1

From the face of Plaintiff's complaint, it did not appear as though the Social Security Administration had issued a "final decision" on his claim. Thus, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for lack of jurisdiction. (Doc. 5). The Court advised Plaintiff that to avoid a recommendation of dismissal, he needed to show that the Social Security Administration had made a "final decision" regarding his claim for benefits. (*Id.* at 3). Plaintiff has responded to the Court's order to show cause. (Doc. 6). But his response fails to demonstrate that the Social Security Administration has made a "final decision" on his disability claim. (Doc. 6). Instead, Plaintiff attached a notice of reconsideration from the Social Security Administration indicating that Plaintiff did not qualify for disability benefits because of his work and earnings; the letter informed Plaintiff that he had 60 days to ask for a hearing if he disagreed with that decision. (*Id.* at 9). The notice is dated September 1, 2023. (*Id.*).

## II.   Discussion

Judicial review of a disability benefits decision by the Social Security Administration is provided for by 42 U.S.C. § 405(g). That provision states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . The court shall have power to enter,

upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The statute further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Thus, a plaintiff may only bring an action against the Social Security Administration regarding a disability benefits claim after the Commissioner has made a "final decision" on the claim.[1] In the absence of a "final decision" from the Social Security Administration, this Court lacks jurisdiction to review a plaintiff's complaint regarding the denial of Social Security benefits. *See, e.g.*, *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012) (affirming dismissal for lack of subject matter jurisdiction and stating that a "district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits review only after any final decision of the Commissioner of Social Security made after a hearing") (cleaned up).

---

[1] The authority to determine what constitutes a "final decision" rests with the Commissioner. *Sims v. Apfel*, 530 U.S. 103, 106 (2000). The Commissioner requires a Social Security claimant to complete each step in the administrative review process before seeking judicial review. *See* 20 C.F.R. §§ 408.1000, 416.1400. The administrative process includes: (1) the initial determination; (2) a request for reconsideration (informal appeal); (3) a hearing before an Administrative Law Judge; and (4) Appeals Council review. *Id.*

3

Here, in response to the Court's show cause order, Plaintiff has provided documentation, dated less than two weeks ago, from the Social Security Administration advising Plaintiff of his right to request a hearing before an Administrative Law Judge. (Doc. 6 at 9). This Court cannot exercise jurisdiction until after an Administrative Law Judge has held a hearing, issued a decision, and review of that decision has been sought with the Appeals Council. Because those things have not happened in this case, there has been no "final decision" by the Social Security Administration on his claim for benefits.

For the reasons above, this Court lacks subject matter jurisdiction to review Plaintiff's claim regarding his entitlement to Social Security benefits.[2] *See, e.g.*, *Cruzado v. Comm'r of Soc. Sec. Admin.*, No. 22-22583-CV, 2022 WL 10169761, at *3 (S.D. Fla. Sept. 29, 2022) (explaining that there was no subject matter jurisdiction over the plaintiff's complaint against the Social Security Administration because the administrative process had not been completed). Plaintiff's complaint, therefore, must be dismissed. *See, e.g.*, *Severe-Smith v. Kijakazi*, No. 0:22cv61451, 2022 WL 16856271 (S.D. Fla. Nov. 10, 2022) (dismissing the plaintiff's complaint because it did "not unambiguously establish that Plaintiff has exhausted the administrative review process" and, therefore, "the Court lacks jurisdiction" over the case); *Mans*

---

[2] A federal court is "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

4

*v. Soc. Sec. Admin.*, No. 1:11cv224, 2012 WL 602716 (N.D. Fla. Feb. 24, 2012) (adopting the magistrate judge's report and recommendation recommending dismissal for lack of subject matter jurisdiction because the plaintiff failed to demonstrate that he had exhausted the administrative review process with the Social Security Administration).  If Plaintiff completes the administrative process with the Social Security Administration and receives an adverse "final decision," then he may file an action with this Court seeking judicial review of such a "final decision."

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 14th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**